JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 264
JAMES M. JIMMERSON, ESQ.
Nevada Bar No. 12599
THE JIMMERSON LAW FIRM, P.C.
415 South 6th Street, Suite 100
Las Vegas, Nevada 89101
Tel No.: (702) 388-7171
Fax No.: (702) 380-6406
jimmerson@jimmersonlawfirm.com
jmj@jimmersonlawfirm.com
*Attorneys for Shana Wilgar*

# UNTIED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHANA WILGAR,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>OPM LAS VEGAS CORPORATION d/b/a OISHI'S PROPERTY MANAGEMENT, a Nevada Corporation; LAWRENCE OISHI, an individual; JEANNE KANEDA, an individual; DOE INDIVIDUALS 1 through 10, ROE BUSINESS ENTITIES 1 through 10,<br><br>　　　　　　Defendants. | CASE NO.: 2:19-cv-01036-RFB-EJY<br><br>**<u>STIPULATED PROTECTIVE ORDER</u>** |

COME NOW, Plaintiff SHANA WILGAR, by and through her counsel of record THE JIMMERSON LAW FIRM, P.C., and Defendants OPM LAS VEGAS CORPORATION d/b/a OISHI'S PROPERTY MANAGEMENT, LAWRENCE OISHI, and JEANNE KANEDA, by and through their counsel of record SALTZMAN MUGAN DUSHOFF, and hereby enter into this Stipulation for a Protective Order ("Order") pursuant to the provisions of Fed. R. Civ. P. 26(c). The Parties have agreed and stipulated to the entry of this Order for the protection of confidential and sensitive

documents, records, and information produced or otherwise disclosed by the parties in this action.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their respective counsel of record, that the following terms and conditions shall govern the disclosure, production, and use of documents and information in this action:

## I.     DEFINITIONS

1.     "Material" refers to any document, data compilation, testimony, report, interrogatory response, response to a request for admission, response to a request for production, or other information in any form produced or disclosed in this action (including copies), whether voluntarily or through any means of discovery authorized by law, and whether by a party or non-party.

2.     Material may be designated "Confidential" if the Designating Party in good faith believes that disclosure of such Material in this action without the designation presents a risk of injury to the legitimate business or personal interests of the Disclosing Party, or any other legitimate interest of the Disclosing Party.  Confidential information includes, but is not limited to, all Materials reflecting, referring to, or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law, confidentiality agreement, business plans or forecasts, financial plans and forecasts, operational plans and forecasts, and all private or sensitive commercial, technical, financial, proprietary, personal, personnel, underwriting, rating, claims and insurance policy information, which is not publicly known and cannot be ascertained from an inspection of publicly-available documents or materials.  Confidential information may take the form of, but is not limited to, (a) documents, responses to request for production, interrogatory responses, or responses to requests for admissions; (b) hearing or deposition transcripts and related exhibits; and, (c) all copies, abstracts, excerpts, analyses, reports, and complete or partial summaries prepared from or containing, reflecting, or disclosing such confidential information.

3.     "Disclosing Party" refers to a party, or non-party, to this action who produces Material.

4.     "Designating Party" refers to a party or non-party to this action who designates Material as Confidential or Sensitive-Attorney Eyes Only.

5.     "Requesting Party" refers to a party who has made a discovery request.

6.     "Receiving Party" refers to a party who receives, or is otherwise exposed to, Material during the course of this action.

## II.    SCOPE OF PROTECTIVE ORDER

1.     Except as the parties may otherwise agree, or the Court may order, any Material produced in this action, which is designated Confidential, including any report, excerpt, analysis, summary, or description of it, shall be strictly controlled by this Order, and no disclosure or use of such Material, by any Receiving Party, can be made except in accordance with the requirements of this Order.  All Material designated Confidential shall be used solely for the prosecution or defense of this action.

2.     This Order shall govern all Material produced in this action, including Material produced prior to entry of this Order.

3.     The protections of this Order shall not apply to Material that, prior to disclosure in this action, was within the actual possession or knowledge of a Receiving Party but was not subject to any confidentiality obligation between the Parties, was previously disclosed by a Disclosing Party to a non-party to this action without any obligation of confidentiality, or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party.  Material that was in the hands of the Receiving Party prior to disclosure in this action, however, and was subject to a confidentiality obligation between the Parties, shall be made subject to this Order.  Any party who claims that the Material was, prior to disclosure in this action, within its actual possession or knowledge and was not subject

to a confidentiality obligation or was public knowledge shall have the burden of proving that fact.

4. Nothing in this Protective Order shall be construed to prohibit counsel from providing advice, guidance, or counsel to a party, regardless of whether such advice, guidance, or counsel is based, in whole or in part, upon information counsel learned from Material designated Confidential, so long as counsel does not disclose Material to anyone not permitted to receive such Material under this Order.

### III. DESIGNATION OF MATERIAL

#### A. GENERAL PROVISIONS

1. A Designating Party may designate Material as Confidential if the Material (1) is Confidential, as defined by Section I(2), and, (2) is not excluded from the scope of this Order by Section II(3).

2. A Designating Party's failure to designate Material as Confidential at the time of production or disclosure of the Material does not waive its right to later designate the Material as Confidential, so long as the Designating Party notifies all Parties in writing of the failure within a reasonable time period after learning that the Material was produced without an appropriate confidentiality designation. After any designation, each Receiving Party shall treat the designated Material as Confidential and subject to the protections of this Order.

#### B. METHODS OF DESIGNATION

1. A Designating Party may designate Material as Confidential by placing or affixing on the Material the word "Confidential."

2. Testimony, including hearing or deposition transcripts, or portions of such transcripts, and any applicable exhibits, may be designated Confidential by: (a) counsel so stating on the record during the hearing or deposition, or (b) providing written notice to the reporter and all counsel of record. All transcripts of hearings or depositions, or portions of such transcripts, and any applicable exhibits, shall be considered as

designated Confidential at the time of the hearing or deposition, until 30 days after the reporter sends notice that the written transcript is available for review. The parties may, however, designate transcripts, or portions of such transcripts, and any applicable exhibits, as Confidential at any time, including after the 30-day period described in the preceding sentence. If such a designation is made after the 30-day period, all designated Material shall be handled as Confidential from the time of the designation forward and all Receiving parties shall make reasonable efforts to recover any transcripts or portions of transcripts that have been disclosed beyond what is allowed for the asserted designation. If transcripts or portions of such transcripts, and any applicable exhibits are designated as Confidential, the Parties' counsel and the court reporter shall make reasonable arrangements to maintain the confidentiality of any deposition testimony or exhibits so designated, in accordance with the terms of this Order. These arrangements may include the marking of transcript pages, covers or exhibits, and other measures to preclude the disclosure of Confidential Material other than to qualified persons.

3. When Confidential Material is supplied or stored on a digital, electronic, or electromagnetic medium, the Confidential designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container of such medium, or by submitting a written statement to all counsel of record identifying the appropriate designation.

### C. CHALLENGING CONFIDENTIALITY DESIGNATIONS

1. Any Party may challenge the designation of any information through court intervention. The Party making such a challenge shall give the Designating Party written notice specifically setting forth the grounds for the objection to the designation, not less than 14 judicial days before filing any motion challenging any designation. During the above-identified notice period, the objecting party shall meet and confer with the Designating Party in a good faith attempt to resolve the dispute without filing a

Page **5** of **13**

motion. If the good faith meet and confer process fails, the objecting party may then challenge the designation through motion practice.

2. Notwithstanding any such challenge, all such Material shall be treated as Confidential as designated until one of the following occurs: (a) the Disclosing Party withdraws such Confidential designation in writing, or (b) the Court rules that the designation is not proper and that the designation shall be removed.

## IV. DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL MATERIAL

### A. USE AND HANDLING OF CONFIDENTIAL MATERIAL

3. To the extent any Material filed with the Court, including pleadings, exhibits, transcripts of hearings or depositions, expert reports, answers to interrogatories, and responses to requests for admissions, contains or reveals Confidential Material, the Material or any portion thereof shall be filed under seal pursuant to the applicable rules.

4. All copies, duplicates, extracts, summaries, reports, or descriptions (collectively "copies") of Materials designated as Confidential or any portion thereof, shall immediately be affixed with the label Confidential if such label does not already appear.

5. Material designated Confidential does not lose protected status through an unauthorized disclosure, whether intentional or inadvertent, by a Receiving Party. If such a disclosure occurs, the Parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

6. Any Material that is designated Confidential shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and is subject to the terms of this Order:

(a) The Parties;

(b) Counsel of record for the Parties;

(c) Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on this action;

(d) The Court, its staff, the jury, and all appropriate courts of appellate jurisdiction and their staff;

(e) Independent experts or consultants retained by a party or counsel of record for purposes of this litigation, and any employees, associates, or independent contractors retained by those experts or consultants in their work in this litigation;

(f) Court reporters during depositions or hearings;

(g) Deponents during depositions or witnesses during hearings;

(h) Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the Confidential Material being disclosed, or who have been participants in a communication that is the subject of the Confidential Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

(i) Employees of third-party contractors of the Parties involved solely in providing copying or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material;

(j) Any other person agreed to in writing by the Disclosing Party;

(k) Any arbitrator, mediator, or special master in this action, and employees and similar personnel of said arbitrator, mediator or special master; and

(l) Any other person by order of the court, after notice to all Parties.

7.  Prior to disclosure of any Confidential Material to any persons under Section IV(A)(4)(e), (g), (i)-(k), or Section IV(A)(5)(d), (f), (h)-(j), he or she must first be advised of and agree in writing to be bound by the provisions of this Order. Such written agreement shall consist of his or her endorsement of a copy of this Order or of the Undertaking attached to this Order.  Copies of such writings shall be produced to other parties upon written request.

8.  The recipient of any Confidential Material shall maintain such Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own confidential information.

## V. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

1.  The inadvertent production by a Party of Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Disclosing Party's reasonable efforts to prescreen such Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Material is made promptly after the Disclosing Party learns of its inadvertent production.

2.  Upon a request from any Disclosing Party who has inadvertently produced Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Material and all copies, including those that have been shared with experts, consultants, and vendors, to the Disclosing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Disclosing Party.  Each Receiving Party shall confirm in writing that all such documents or information have been returned or destroyed within five (5) business days of the request.

3.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently

produced Material and such other information as is reasonably necessary to identify the Material and describe its nature to the Court in any motion to compel production of the Material. Any motion to compel production of the Material shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent or unintentional production, nor shall the motion disclose or otherwise use the content of the inadvertently or unintentionally produced document or information in any way beyond that which is reasonably necessary to identify the Material and describe its nature to the Court.

### VI. INADVERTENT DISCLOSURE OF CONFIDENTIAL MATERIAL NOT AUTHORIZED UNDER PROTECTIVE ORDER

1. In the event of a disclosure of any Material designated under this Order, to any person(s) not authorized to receive such disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Disclosing Party whose Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

2. Unauthorized or inadvertent disclosure does not change the status of the Material or waive the right to hold the disclosed document or information as Protected.

### VII. OTHER PROVISIONS

1. In the event a Receiving Party who has received Confidential Material that is subject to this Order is: (a) subpoenaed in another action, (b) served with a request in another action to which the person is a party, or (c) served with any other legal process by one not a party to this action, that seeks Confidential Material, he, she, or it shall give prompt written notice of the receipt of such subpoena, demand or other legal process to the Designating Party and its counsel, and upon request, shall cooperate with the

1 Designating Party in its efforts to obtain an appropriate court order protecting the Confidential Material.

2. Any third party producing Materials in this action may be included in this Order by endorsing a copy of this Order and delivering it to the Requesting Party, who, in turn, will serve a copy of it upon counsel for the other parties.

3. This Order shall not prevent any party from applying to the Court for further or additional confidentiality orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

4. This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

5. Except as provided for in this Order, nothing in this Order, nor any actions taken pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party, including the right of either party to object to the subject matter of any discovery request or the relevance of any evidence. This Order shall be without prejudice to the rights of the Parties to present a motion to the Court under applicable Nevada Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. Also, nothing in this Order or any actions under the provisions of this Order shall have the effect of proving, suggesting to prove, or otherwise creating a presumption that information disclosed in this action is confidential, trade secret, or proprietary, as it pertains to the Parties' respective claims in this action. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order. Such motion, however, shall only be made after the Parties have engaged in a good-faith effort to resolve the issue prior to any application to the Court.

6. After final termination of this case, including any appeals, each counsel of record, upon written request within 60 days of the date of final termination, shall within 60 days of such request, (a) destroy, or (b) assemble and return to the counsel of record,

all Material in their possession and control, embodying Material designated Confidential, including all copies thereof except that each counsel of record may maintain one archive copy of all pleadings, correspondence, deposition transcripts, deposition exhibits, trial transcripts, and trial exhibits, together with any attorney work product provided that such archive copy is appropriately marked as Confidential and is retained in accordance with the terms of this Order.  Notwithstanding the foregoing, Counsel for the Parties are not required to destroy Counsel's email communications (and corresponding attachments) related to this case, regardless of whether such email communications contains Material designated Confidential.

7. Counsel for any party may exclude from the room at a deposition, during any questioning that involves Confidential Material, any person (other than the witness then testifying) who is not permitted the disclosure of such Material under this Order.

/ / /
/ / /
/ / /
/ / /

8. The Parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order. This Order shall survive termination of this litigation, to the extent that the Confidential Material is not or does not become known to the public.

Dated this 22nd day of December, 2020.    Dated this 22nd day of December, 2020.

THE JIMMERSON LAW FIRM    SALTZMAN MUGAN DUSHOFF

/s/ James M. Jimmerson, Esq.    /s/ Jordan D. Wolff, Esq.
JAMES J. JIMMERSON, ESQ.    MATTHEW T. DUSHOFF, ESQ.
Nevada Bar No. 00244    Nevada Bar No. 004975
JAMES M. JIMMERSON, ESQ.    JORDAN D. WOLFF, ESQ.
Nevada Bar No. 12559    Nevada Bar No. 014968
415 S. Sixth Street, Suite 100    1835 Village Center Circle
Las Vegas, Nevada 8910    Las Vegas, Nevada 89134
*Attorneys for Plaintiff*    *Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED.

Dated this 22nd day of December, 2020.

_____
United States Magistrate Judge

# **UNDERTAKING**

I, _____, have read and agree to be bound by the Protective Order in *Wilgar v. OPM Las Vegas Corporation et al.*, pending in the United State District Court, District of Nevada, Case Number 2:19-cv-01036. I hereby submit to the jurisdiction of the Court for purposes of ensuring compliance with the Protective Order.

Date: _____

Signature: _____

Printed Name: _____

Address: _____

_____